# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARSHALL SPIEGEL </br>     Plaintiff/Appellant </br> vs. </br> WINTRUST BANK </br>     Defendant/Appellee | **Case No. 21 CV 05087** </br></br> Appeal from Adversary Case No. 21-0065 </br> filed in Bankruptcy Case 20-21625 </br> *In re Marshall Spiegel*, Debtor |

## PLAINTIFF-APPELLANT'S RESPONSE TO ORDER

NOW COMES Plaintiff-Appellant Marshall Spiegel, by and through his attorney, John Xydakis, and pursuant to this Honorable Court's January 3, 2022 Order (Doc. 12) that Appellant's Counsel file a written response "providing authority for counsel's representation in this action in apparent conflict with Bankruptcy Code § 327[,]" states as follows:

### I. Court Requests Memorandum Regarding Alleged Conflict.

1.    Plaintiff-Appellant Marshall Spiegel filed a Chapter 11 bankruptcy petition (Case No. 20-21625). Thereafter, Spiegel filed a related Adversary Complaint to enjoin Wintrust Bank from liquidating certain certificates of deposit (CD's) that Wintrust held that were securing a line of credit (Adv. Case No. 21-0065, Doc. 1). Spiegel alleged that the CD's were necessary for his reorganization (Adv. Doc. 6). The bankruptcy court initially enjoined Wintrust from liquidating the CD's (Adv. Doc. 26), but later refused to continue it (Adv. Doc. 32).

2.    Spiegel appealed from that decision (Adv. Doc. 38). Counsel substituted in here for Spiegel's bankruptcy counsel, David Lloyd. On January 3, 2022, this Honorable Court Ordered a written response "providing authority for [this] counsel's representation in this action in apparent conflict with Bankruptcy Code § 327." Doc. 12.

1

## II. Counsel is Not Employed Under §327.

3. Section 327(a) "permits a trustee or debtor in possession" like Spiegel to "employ one or more attorneys" that "do not hold or represent an interest adverse to the estate, and that are disinterested persons" *In re Milwaukee*, 219 F.3d 635, 636 (7th Cir. 2000)(quoting 11 U.S.C. §327(a)).

4. However, §327 is inapplicable. Counsel is not "employed" by Spiegel as debtor in possession and Counsel is pursuing this appeal without seeking any compensation from the bankruptcy estate. "[A]ny professional not obtaining approval is simply considered a volunteer [even] if it seeks payment from the estate." *In re Walsh*, 538 B.R. 466, 474 (Bankr. N.D. Ill. 2015).

5. "The Bankruptcy Code and Rules do not provide authority for the court to prohibit a professional from working for any client it chooses." *In re Interwest*, 23 F.3d 311, 318 (10th Cir. 1994). Bankruptcy courts are considered with maximizing the estate's value. Unless something affects this, "there can be no question of the court either permitting or prohibiting unapproved representation." *Id.* "Instead, any professional not obtaining approval is simply considered a volunteer [even] if it seeks payment from the estate." *Id.*

6. Volunteers seeking to maximize the estate should be welcome, not condemned. "[V]olunteers and non-disinterested professionals" simply "run the risk that they will fail to obtain court approval of their employment under section 327, and thus they will be unable to seek compensation under section 330." *In re Benitez*, No. 8-19-70230-reg, at *7 (Bankr. E.D.N.Y. Mar. 13, 2020).

7. Even if Counsel is not employed under §327 and cannot seek compensation from the estate, as "long as the services are reasonable, Debtor's counsel can look to the Debtor for payment of his fees after dismissal of a case." *In re Int'l,* 474 B.R. 323, 327-28 (Bankr. D. Mass.

2012). Similarly, there is "no dispute" that a "debtor's counsel is not precluded from seeking payment from the debtor personally." *In re Schiff,* 2010 WL 3219535, *6 (Bankr.S.D.N.Y. Aug. 10, 2010).

### III. Even if §327 Applies, No Actual Conflict Exists.

8. In the bankruptcy court, Counsel represented Debtor Spiegel's son and their company for discovery issues. Neither filed bankruptcy proof of claims as creditors. Both Debtor, his son, and their company have the same interest in disallowing Wintrust's seizure of Debtor and his son's CD's. The CD's were essential to Debtor's reorganization and continued operation of the business to fund Debtor's plan.

9. However, even if Counsel represented a creditor and was seeking employment, "a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor." 11 U.S.C. §327(c). Instead, if a creditor or the United States trustee objects, "the court shall disapprove such employment [only] if there is an actual conflict of interest." *Id.*

10. Similarly, even when an attorney is employed "for a specified special purpose" under §327(e), a "person is not disqualified for employment under this section solely because of such person's employment by or representation." 11 U.S.C. §327(e). Here too, only an actual "conflict between the trustee and counsel's creditor client with respect to the specific matter itself" may warrant disqualification. *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993)

11. "[A]bsent evidence clearly calling into question the fair or efficient administration of justice, a party has no standing to seek disqualification of opposing counsel." *In re Sandahl,* 980 F.2d 1118, 1121 (7th Cir. 1992). Wintrust "bears the burden of proving that an actual conflict of interest" exists "rather than merely a potential one." *Mills v. Hausmann-McNally*, 992 F. Supp.2d 885, 890 (S.D. Ind. 2014).

12. A conflict of interest is "a division of loyalties that affect[s] counsel's performance." *Mickens v. Taylor*, 535 US 162, 172 fn. 5 (2002)(criminal). "[M]ere theoretical division of loyalties" do not suffice. *Id.* at 171. The conflict "must be an actual choice for one interest" "to the detriment" of the client's. *U.S v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998).

13. Disqualification of a party's chosen counsel "is a drastic measure which courts should hesitate to impose except when absolutely necessary [because a] disqualification of counsel, while protecting the attorney-client relationship, also serves to destroy a relationship by depriving a party of representation of their own choosing." *Freeman v. Chicago*, 689 F.2d 715, 721-722 (7th Cir. 1982). Such motions "should be viewed with extreme caution for they can be misused as techniques of harassment." *Id.* at 722.

14. Wintrust fails to meet its "heavy burden of proving facts required for disqualification." *Tomasian v. C.D. Peacock,* No. 09 C 5665, at *9 (N.D. Ill. July 3, 2012)(quoting case). Wintrust fails to give "solid evidence of conflict" and this Honorable Court cannot "grant a motion for disqualification where the mere appearance of impropriety is far from clear." *Van Jackson v. Check*, 114 F. Supp.2d 731, 732 (N.D. Ill. 2000)(quoting case).

15. This Honorable Court also cannot disqualify Counsel "on the spot." *Philips v. Bruetman*, 8 F.3d 600, 606 (7th Cir. 1993). Courts should hold "a hearing" to determine if an actual conflict exists and if it does, if the "clients want[]" the representation regardless, if the alleged conflict is waivable. *Id.*

16. A trustee or debtor in possession can consent to any alleged conflict when it clearly appears that doing so will not devalue the estate. *In re Restaurant*, 402 B.R. 282, 291 (Bankr. N.D. Ill. 2009). Finally, as Debtor Spiegel is also authorized to operate a business, §327(b) allows Spiegel to "retain" "professional persons" necessary "in the operation of such business." 11 U.S.C. §327(b).

Respectfully Submitted,
Marshall Spiegel

BY: \_\_\_\_\_/s/ John Xydakis_____
John Xydakis Attorney for Appellant

Law Office of John S. Xydakis
Suite 402
30 N. Michigan Ave.
Chicago, IL 60602
ARDC No. 6258004
312-488-3497
johnxlaw@gmail.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, does hereby certify under penalties of perjury as provided by law, that he served a copy of this document upon all parties entitled to notice of the same by filing it with the United States District Court for the Northern District of Illinois' CM/ECF electronic filing system on January 31, 2022.

BY:_____/s/ John Xydakis_____
John Xydakis, Attorney for Appellant