# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARSHALL SPIEGEL, | Case No. 21 CV 05087 |
| Plaintiff/Appellant, | |
| vs. | Appeal from Adversary Case No. 21-0065 |
| | filed in Bankruptcy Case No. 20-21625 |
| WINTRUST BANK, N.A., | *In re Marshall Spiegel*, Debtor |
| Defendant/Appellee. | |

## REPLY OF DEFENDANT/APPELLEE WINTRUST BANK IN CONNECTION WITH REPRESENTATION OF PLAINTIFF/APPELLANT MARSHALL SPIEGEL BY COUNSEL JOHN XYDAKIS IN THIS APPEAL

NOW COMES Defendant/Appellee Wintrust Bank, NA. ("Wintrust"), by its attorneys Chuhak & Tecson, P.C., and for its Reply in Connection with Representation of Plaintiff/Appellant Marshall Spiegel ("Marshall") by Counsel John Xyadis in this Appeal, states as follows:

### RELEVANT FACTS OMITTED FROM RESPONSE

1.  Marshall, through Mr. Xydakis, has omitted two relevant facts in Plaintiff-Appellant's Response to Order (the "Response")(Dkt. 13), which demonstrate that Mr. Xydakis, or a party he represents, is adverse to the bankruptcy estate.

2.  First, Mr. Xydakis was a co-judgment debtor with Marshall on the $1+ million sanctions award entered in the state court litigation on March 29, 2019 that precipitated Marshall initiating the Chapter 11 proceedings (the "Sanctions Award"). (Bk. Dkt. 435, pp. 3-4) Mr. Xydakis was Marshall's counsel of record in the state court cases when the Sanctions Award was entered.

3.  Marshall obtained a letter of credit in the amount of $1.225 million from Wintrust and posted it as a bond with the appellate court to stay enforcement of the judgment. (Adv. Dkt.

1

1, para. 8) As partial security for the letter of credit, two certificates of deposit (the "CD's") were pledged by Marshall's son, Matthew Spiegel ("Matthew"). (Adv. Dkt. 1, para. 11) Those two CD's are the subject of this appeal.

4. After the appellate court affirmed the circuit court's entry of the Sanctions Award, the judgment creditors drew down the letter of credit in full to satisfy the Sanctions Award. Marshall and Mr. Xydakis were jointly and severally liable for payment of the Sanctions Award. Marshall, not Mr. Xydakis, satisfied the Sanctions Award through the Wintrust letter of credit.

5. Therefore, Mr. Xydakis, personally, is adverse to the bankruptcy estate because the estate has a right of contribution against him. The responsibility of co-judgment debtors to each other is akin to that of co-guarantors. It is a well-established "general rule enforceable in equity that, if any one or more of a number of joint guarantors of a promissory note shall be required to pay the whole or any portion of the note so guarantied, the co-guarantors become liable in equity to contribute their proportionate party or share of the amount so paid." *McDavid v. McLean*, 202 Ill. 354, 357 (1903). Marshall, as the debtor-in-possession, has not pursued the contribution claim to date while Mr. Xydakis states he is representing Marshall in this appeal as a volunteer. (Dkt. 13, para. 4)

6. The second omitted relevant fact is that Mr. Xydakis currently represents (not "represented") Matthew in the bankruptcy proceedings. (Dkt. 13, para. 8) Matthew, through Mr. Xydakis, is embroiled in a discovery battle with the Unsecured Creditors' Committee (the "Committee") related to the Committee's investigation of potential fraudulent transfers, which battle has resulted in a flurry of motions filed by the Committee, some as recently as February 11, 2022. (Bk. Dkt. 464-466)

4861-0701-4415.v1.29205.75398

7. This is the same Matthew Spiegel that Marshall alleges in the adversary complaint "will have claims against the estate" were his CD's turned over to Wintrust. (Adv. Dkt. 1, para. 16) And they were.

8. Even though Matthew is a creditor who has not filed a proof of claim, Marshall's representation of Matthew is adverse to the bankruptcy estate in two ways. First, Mr. Xydakis is defending Marshall in the investigation of potential fraudulent transfers that, if fruitful, could result in more funds coming into the estate to pay creditors.

9. Second, in seeking to reverse the bankruptcy court's decision allowing Wintrust to liquidate the CD's that paid down the debt, Mr. Xydakis asks this Court to take the $475,000 from Wintrust and return the funds to Matthew. As a result, the debt due Wintrust, the estate's largest secured creditor, would substantially increase and thereby make it more difficult for Marshall to pay his creditors through a plan of reorganization.

## MR. XYDAKIS HAS A FIDUCIARY DUTY TO THE ESTATE AND IS ADVERSE THERETO

10. Marshall argues that, because Mr. Xydakis is not at this time seeking compensation from the estate, he is allowed to represent the debtor, even if Mr. Xyadkis or a party he represents in the bankruptcy proceedings is adverse to the estate. (Dkt. 13, pp. 2-3) As an initial matter, Marshall suggests that Mr. Xyadkis may seek compensation from the debtor at some point in the future, perhaps as a way to avoid his multiple conflicts. (Dkt. 13, para. 7)

11. More fundamentally, Marshall has not supplied binding legal authority for the express proposition that a volunteer attorney retained by the debtor-in-possession has no fiduciary duty to the estate and may be adverse thereto.

12. To the contrary, it has been broadly held that, "[a]ny counsel retained by the trustee or debtor-in-possession is a fiduciary. He owes the duty of undivided loyalty and exclusive

3

allegiance to the estate in bankruptcy." *In re Prudent Holding Corp.*, 153 B.R. 629, 631 (Bkrtcy. E.D.N.Y. 1993). To be disinterested, a person must be "divested of any scintilla of personal interest which might be reflected in his decision concerning estate matters." *In re Realty Assocs. Sec. Corp.*, 56 F.Supp. 1007 (E.D.N.Y. 1944). The integrity of the bankruptcy process would be undermined were counsel for the debtor-in-possession able to check his loyalties at the door simply because he did not seek compensation for his services at that time.

13. Furthermore, what Marshall fails to understand is that the analysis is not whether there is a conflict between the debtor and his son (or son's counsel), but whether there is a conflict with the estate. (Dkt. 13, para. 8)

14. As set forth above, Mr. Xydakis is personally adverse to the bankruptcy estate because the estate holds a claim against him for contribution based on Marshall's satisfaction of the Sanctions Award entered against them both. Additionally, Mr. Xydakis already represents in the bankruptcy Michael Spiegel, who is adverse to the estate both because he might have been the recipient of fraudulent transfers and because he wants the $475,000 from the CD's returned to him at the direct expense of the largest secured creditor.

15. Therefore, should Marshall desire to pursue this appeal, he should be required to retain new counsel.

Respectfully Submitted,

Wintrust Bank, N.A.

By: *Brandon R. Freud*
    One of its Attorneys

4861-0701-4415.v1.29205.75398

Francisco E. Connell (ARDC #6289256)
Brandon R. Freud (ARDC #6281415)
CHUHAK & TECSON, P.C.
30 S. Wacker Dr., Suite 2600
Chicago, IL 60606
T: (312) 201-4201
fconnell@chuhak.com
bfreud@chuhak.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the **REPLY OF DEFENDANT/APPELLEE WINTRUST BANK IN CONNECTION WITH REPRESENTATION OF PLAINTIFF/APPELLANT MARSHALL SPIEGEL BY COUNSEL JOHN XYDAKIS IN THIS APPEAL** was served on the following by electronic filing via United States District Court for the Northern District of Illinois CM/ECF on February 21, 2022:

John S. Xydakis
Law Office of John S. Xydakis
30 N. Michigan Ave.
Chicago, IL 60602
johnxlaw@gmail.com
*For Marshall Spiegel*


                                                      /s/ *Brandon R. Freud*